UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

_____

| | |
|---|---|
| GEORGE MCWILLIAMS and PAUL E. ROLLINS, on Behalf of Themselves and All Others Similarly Situated, § § § § § § § Plaintiffs, § § v. § § MARIO J. GABELLI, ANTHONY J. § COLAVITA, JAMES P. CONN, JOHN D. § GABELLI, KARL OTTO POHL, ANTHONY R. § PUSTORINO, WERNER J. ROEDER, M.D., § ANTHONIE C. VAN EKRIS, SALVATORE J. § ZIZZA, DUGALD A. FLETCHER, ROBERT J. § MORRISSEY, VINCENT D. ENRIGHT, § MARY E. HAUCK, E. VAL CERUTTI, § GABELLI ASSET MANAGEMENT INC., § GABELLI ASSET MANAGEMENT § COMPANY, GABELLI FUNDS, LLC , § GABELLI ADVISORS, INC., and JOHN DOES § NO. 1 THROUGH 100 § § Defendants. § § § § § § § JURY TRIAL DEMANDED § | Case No. _____ |

_____
## CLASS ACTION COMPLAINT
_____

### INTRODUCTION

1.\tThis is a national class action lawsuit on behalf of investors in open-ended mutual funds with equity securities holdings in the Gabelli Family of Funds (the "Funds") against the Defendant directors, investment advisors, and affiliates of the Funds alleging that the Defendants breached fiduciary duties and duties of care owed directly to the Plaintiffs and members of the Class, including duties arising under Sections 36(a), 36(b), and 47(b) of the Investment Company Act of 1940 (ICA), 15 U.S.C. § 80a *et seq.*, by failing to ensure that the Funds participated in securities class action settlements for which the Funds were eligible. George McWilliams and Paul E. Rollins file on their own behalf, as well as representatives of a Class of all persons who owned Funds at any time during the time period of January 12, 2002 to the present. Plaintiffs seek compensatory damages, disgorgement of the fees paid to the investment advisors, and punitive damages.

2.\tOver 90 million Americans entrust their savings to the directors and advisors of mutual funds. Mutual funds are so attractive and popular because they purport to provide professional money management services to investors who otherwise would not be able to afford such services. Rather than select and monitor the securities that make up her portfolio, an investor pools her money with other investors in a mutual fund and entrusts complete control and dominion over her investments to the directors and advisors of the mutual fund. As a result of this relationship of special trust, directors and advisors of mutual funds owe a fiduciary duty directly to each individual investor in the fund and are required to act with the highest obligations of good faith, loyalty, fair dealing, due care, and candor.

3. "A mutual fund is a 'mere shell,' a pool of assets consisting mostly of portfolio securities that belong to the individual investors holding shares in the fund." *Tannenbaum v. Zeller,* 552 F.2d 402, 405 (2d Cir. 1977). Each investor who pools his money with others in a mutual fund owns a proportionate share of the total assets of the mutual fund. The value of each investor's portion of those pooled assets is determined by taking the market value of all of the fund's portfolio securities, adding the value of any other fund assets, subtracting fund liabilities, and dividing the result by the number of shares outstanding. *United States v. Cartwright,* 411 U.S. 546, 548 (1973). This so-called "per share net asset value" (NAV) is computed daily so that any gain or loss in fund assets is immediately allocated to the individual investors as of that specific date. Accordingly, mutual funds are unlike conventional corporations in that any increase or decrease in fund assets is immediately passed on or allocated to the fund investors as of the date of the relevant recalculation of the NAV.

4. In the mid to late 1990s, the number of investor securities class action lawsuits against publicly traded companies alleging violations of the Securities Act of 1933 and the Securities Exchange Act of 1934 (collectively the "Securities Acts") exploded.[1] In the fall of 2001, suits brought pursuant to the Securities Acts became magnified by the popular press after the corporate scandals and misdeeds at Enron, WorldCom, Tyco, and Adelphia. When a recovery is achieved in a securities class action lawsuit, investors who owned shares in the company settling the lawsuit have the option to either: (1) opt-out of the class action and pursue their own remedy or (2) remain in the class and participate in the recovery achieved. The process by which a member of the class collects the money to which he is entitled is intentionally quite simple in order to encourage participation. A class member completes a short form called a Proof of Claim and submits it to the Claims

---

[1] There were 1,517 federal class action lawsuits brought under the Securities Acts between 1996 and 2003. *Securities Class Action Case Filings. 2003: A Year in Review. Cornerstone Research.*

3

Administrator. After the Claims Administrator receives all Proof of Claim forms, it disperses money from the settlement fund to those persons and entities with valid claims.

5. Defendants serve in various capacities as mutual fund directors, advisors, and affiliates as will be identified herein. The Funds were putative members of dozens of class actions brought under the Securities Acts, by virtue of Funds owning the securities against which the suits were brought. However, upon information and belief that the allegations are likely to have evidentiary support and upon the representation that they will be withdrawn or corrected if reasonable opportunity for further investigation or discovery indicates insufficient evidentiary support (hereafter "upon information and belief"), Defendants failed to ensure that the Funds participated in (or opted out of) many of these class action settlements. As a result, because of Defendants' refusal to complete and submit a short form, monies contained in dozens of Settlement Funds, which rightfully belonged to the Funds' investors have gone unclaimed. Defendants' failure to protect the interests of Fund investors by recovering monies owed them is a breach of the fiduciary duty they each owe directly to Plaintiffs and members of the Class.

6. The class period begins January 12, 2002. On or before that date, the Defendants began the illegal conduct complained of herein. The Class consists of all persons who owned one of the Funds at any time between January 12, 2002 through January 12, 2005 and who suffered damages thereby.[2]

## JURISDICTION AND VENUE

7. This court has jurisdiction over the subject matter of this action pursuant to Section 36(b) and 44 of the Investment Company Act, 15 U.S.C. § 30a-35(b) & -43, and 28 U.S.C. §

---

[2] Because the full extent of Defendants' breaches of fiduciary duty have yet to be revealed or have subsequently stopped, the Class Period will be expanded forward to include the period of time between January 12, 2005 and the date of the cessation of the unlawful activities detailed herein.

1331(a). This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367(a), over the state law claims asserted herein because they arise out of a common nucleus of operative facts and are part of the same case or controversy as plaintiffs' federal claims.

8. Venue is proper in this District because the acts and omissions complained of herein occurred in this District and Parent Company Defendant was, at all relevant times, and still is, headquartered in Rye, New York.

9. In connection with the acts and practices alleged herein, Defendants directly or indirectly used the instrumentalities of interstate commerce, including the mail systems, interstate telephone communications, and the facilities and instrumentalities of the national securities markets and national securities exchanges.

## PARTIES

### Plaintiffs.

10. A. Plaintiff George McWilliams resides in Colbert County, Alabama at all relevant times owned one of the Funds.

B. Plaintiff Paul E. Rollins resides in Collin County, Texas at all relevant times owned one of the Funds.

### Defendants.

11. Defendant Gabelli Asset Management, Inc. is the ultimate parent of Gabelli Asset Management Company, Gabelli Funds, LLC, and Gabelli Advisors, Inc. Through its subsidiaries and divisions, Defendant markets, sponsors, and provides investments advisory, distribution and administrative services to the Gabelli Family of Funds, which consists of approximately 25 funds. Gabelli Asset Management, Inc. shall be referred to herein as the "Parent Company Defendant."

Gabelli Asset Management, Inc. maintains its principal executive offices at One Corporate Center, Rye, New York 10580.

12. Mario J. Gabelli, Anthony J. Colavita, James P. Conn, John D. Gabelli, Karl Otto Pohl, Anthony R. Pustorino, Werner J. Roeder, M.D., Anthonie C. Van Ekris, Salvatore J. Zizza, Dugald A. Fletcher, Robert J. Morrissey, Vincent D. Enright, Mary E. Hauck, E. Val Cerutti are each members of the Board of Directors for the Funds. The Funds' Board of Directors oversee the management of the Funds. Collectively, these defendants shall be referred to as the "Director Defendants."

13. A. Defendant Gabelli Asset Management Company is a registered investment advisor and has the responsibility for the day-to-day management of the Gabelli Family of Funds. Gabelli Asset Management Company has approximately $7 billion in assets under management in total. Gabelli Asset Management Company is located at One Corporate Center
Rye, New York 10580.

B. Defendant Gabelli Funds, LLC is a registered investment advisor and has the responsibility for the day-to-day management of the Gabelli Family of Funds. Gabelli Funds, LLC is located at One Corporate Center, Rye, New York 10580.

C. Defendant Gabelli Advisors, Inc. is a registered investment advisor and has the responsibility for the day-to-day management of the Gabelli Family of Funds. Gabelli Advisors, Inc. is located at One Corporate Center, Rye, New York 10580.

Collectively, Gabelli Asset Management Company, Gabelli Funds, LLC and Gabelli Advisors, Inc. shall be referred to as the "Advisor Defendants."

14. The true names and capacities of Defendants sued herein as John Does 1 through 100 are often active participants with the above-named Defendants in the widespread unlawful conduct

6

alleged herein whose identities have yet to be ascertained. Such Defendants served as fiduciaries on behalf of fund investors. Plaintiffs will seek to amend this complaint to state the true names and capacities of said Defendants when they have been ascertained.

15. Collectively, all Defendants named above shall be referred to herein as "Defendants."

## CLASS ACTION ALLEGATIONS

16. This action is brought by Plaintiffs as a class action, on their own behalf and on behalf of all others similarly situated, under the provisions of Rule 23 of the Federal Rules of Civil Procedure for compensatory and punitive damages, forfeiture of all commissions and fees paid by the Class, costs, and attorneys fees. Plaintiffs seek certification of this action as a class action on behalf of all persons owning one of the Funds at any time between January 12, 2002 through January 12, 2005, and who were damaged by the conduct alleged herein. This case is properly brought as a class action under Rule 23 of the Federal Rules of Civil Procedure for the reasons set forth in the following paragraphs.

17. The members of the Class are so numerous that joinder of all members is impracticable. While the exact number of the Class members is unknown to Plaintiffs at this time and can only be ascertained through appropriate discovery, Plaintiffs believe that there are tens of thousands of members in the proposed Class. Record owners of the Funds during the relevant time period may be identified from records maintained by the Defendants and may be notified of the pendency of this action by mail, using a form of notice similar to that customarily used in securities class actions.

18. Plaintiffs' claims are typical of the claims of the members of the Class as all members of the Class are similarly affected by Defendants' wrongful conduct that is complained of herein.

19. Common questions of law and fact exist as to all members of the Class and predominate over any questions solely affecting individual members of the Class. Among the questions of law and fact common to the Class are:

(a) Whether Defendants owe the investors in the fund a fiduciary duty to submit Proof of Claim forms on behalf of the Funds in settled securities cases;

(b) Whether Defendants owe the investors in the fund a duty of care to act in a reasonable manner to protect and maximize Fund investors' investments by participating in settled securities class actions;

(c) In which securities class action settlements the Funds were eligible to participate;

(d) Whether Defendants submitted Proof of Claim forms (or opted out of the class action and pursued their own remedy) for those securities class action settlements in which Funds were eligible to participate;

(e) To what extent the member of the Class have sustained damages and the proper measure of such damages.

20. The claims of the Plaintiffs, who are representatives of the Class herein, are typical of the claims of the Class in that the claims of all members of the Class, including the Plaintiffs, depend on a showing of the acts or omissions of the Defendants giving rise to the right of the Plaintiffs to the relief sought herein. There is no conflict between any individual named Plaintiff and other members of the Class with respect to this action, or with respect to the claims for relief set forth herein.

21. The named Plaintiffs are the representatives parties for the Class and are able to and will fairly and adequately protect the interests of the Class. The attorneys for the Plaintiffs are experienced and capable in civil litigation and class actions.

22. A class action is superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all members is impracticable. Furthermore, as the damages suffered by individual Class members may be relatively small, the expense and burden of individual litigation make it virtually impossible for members of the Class to individually redress the wrongs done to them. There will be no difficulty in the management of this action as a class action. A class action will redress the Defendants' wrongful conduct described herein.

## SUBSTANTIVE ALLEGATIONS

23. At all relevant times during the Class Period, the Gabelli Family of Funds held assets of approximately $7 billion. Approximately 24 of the 25 Gabelli Funds have the stated investment objective of owning equity securities, varying among the funds as to the preferred market capitalization and market sector of the companies owned. As such, throughout the Class Period, the Gabelli Funds held billions of dollars of investments in equity security traded on the United States' stock exchanges.

24. During the Class Period, hundreds of securities class action cases were settled (the "Securities Class Actions"). Of the Securities Class Actions, the Funds were eligible to participate in the recovery in a significant number of the cases by virtue of their ownership of the securities during the requisite time period of each case. While not an exhaustive list, upon information and belief, the Funds owned shares and had valid claims in many, if not all, of the following securities class action cases:

| Case Style | Class Period | Deadline to Submit Proof of Claim |
| --- | --- | --- |
| In re Accelr8 Technology Corp. Securities Litigation | 10/7/97 - 11/16/99 | 6/16/2003 |
| In re Acrodyne Communications, Inc. | 1/1/98 - 8/14/00 | 8/24/2001 |
| Lewis v. Advanced Technical Products, Inc. et al. | 4/22/98 - 4/28/00 | 2/1/2003 |

| | | |
|---|---|---|
| In re Allaire Corporation Securities Litigation | 12/7/99 - 9/18/00 | 12/18/2003 |
| In re Anicom, Inc. Securities Litigation | 2/17/99 - 7/18/00 | 1/24/2003 |
| In re Applied Digital Solutions Litigation | 1/19/00 - 5/21/02 | 3/15/2004 |
| In re ATI Technologies, Inc. Securities Litigation | 1/13/00 - 5/24/00 | 5/26/2003 |
| Bryant v. Avado Brands, Inc., et al. (Applesouth) | 5/26/95 - 9/24/96 | 3/5/2003 |
| In re Avant! Corporation Securities Litigation | 6/6/95 - 12/6/95 | 7/19/2001 |
| In re Bergen Brunswig Corp. Securities Litigation | 3/16/99 - 10/14/99 | 8/13/2001 |
| In re Brightpoint, Inc. Securities Litigation | 1/29/99 - 1/31/02 | 8/29/2003 |
| Sinay v. Boron LePore & Associates, Inc. et al. | 5/5/98 - 2/4/99 | 7/17/2002 |
| In re California Software Corporation Securities Litigation | 2/9/00 - 8/6/00 | 3/26/2002 |
| In re Campbell Soup Co. Securities Litigation | 9/8/97 - 1/8/99 | 7/10/2003 |
| Katz v. Carnival Corporation et al. | 7/28/98 - 2/28/00 | 2/6/2004 |
| In re CHS Electronics, Inc. Securities Litigation | 8/7/97 - 5/13/99 | 3/31/2002 |
| Deborah Anderton v. ClearOne Communications, Inc. et al. | 4/17/01 - 1/15/03 | 4/8/2004 |
| Sherma v. Cole National Corporation, et al. | 1/31/98 - 5/16/03 | 10/28/2003 |
| In re Commtouch Software LTD. Securities Litigation | 4/19/00 - 2/13/01 | 9/3/2003 |
| In re Conseco, Inc. Securities Litigation | 4/28/99 - 4/14/00 | 11/30/2002 |
| In re Covad Communications Group Securities Litigation | 4/19/00 - 6/24/01 | 2/4/2003 |
| In re Cutter & Buck Inc. Securities Litigation | 6/1/00 - 8/12/02 | 1/12/2004 |
| Graf v. CyberCare Inc. et al. | 1/4/99 - 5/12/00 | 1/24/2003 |
| Maley v. DelGlobal Technologies Corporation et al. | 11/6/97 - 11/6/00 | 1/7/2002 |
| In re Dollar General Corporation Securities Litigation | 3/5/97 - 1/14/02 | 7/8/2002 |
| In re DOV Pharmaceutical, Inc. Securities Litigation | 4/25/02 - 12/20/02 | 6/16/2003 |
| In re DPL, Inc. Securities Litigation | 11/15/98 - 8/14/02 | 3/1/2004 |
| In re DrKoop.Com, Inc. Securities Litigation | 6/8/99 - 12/7/02 | 1/14/2002 |
| In re ECI Telecom LTD Securities Litigation | 5/12/00 - 2/14/01 | 1/14/2003 |
| In re eConnect, Inc. Securities Litigation | 11/18/99 - 3/13/00 | 10/12/2001 |
| In re Mex. Corporation Securities Litigation | 4/9/01 - 5/23/01 | 1/16/2004 |
| In re Emulex Corporation Securities Litigation | 1/18/01 - 2/9/01 | 10/27/2003 |
| In re Engineering Animation Securities Litigation | 2/19/98 - 10/1/99 | 6/1/2001 |
| In re Envoy Corporation Securities Litigation | 2/12/97 - 8/18/98 | 2/20/2004 |

| | | |
|---|---|---|
| In re Federal-Mogul Corp. Securities Litigation | 10/22/98 - 5/25/00 | 1/9/2004 |
| In re Fidelity Holdings, Inc. Securities Litigation | 6/24/99 - 4/17/00 | 4/21/2003 |
| In re Finova Group Inc. Securities Litigation | 1/14/99 - 11/13/02 | 9/30/2002 |
| In re Flir Systems, Inc. Securities Litigation | 3/3/99 - 3/6/00 | 5/3/2001 |
| In re FPA Medical Management, Inc. Securities Litigation | 1/3/97 - 5/14/98 | 11/25/2003 |
| In re Gateway, Inc. Securities Litigation | 4/14/00 - 2/28/01 | 9/30/2002 |
| In re Gliatech Inc. Securities Litigation | 4/9/98 - 8/29/00 | 5/3/2003 |
| Pirelli Armstrong et al. v. Hanover Compressor Co., et al. | 5/4/99 - 12/23/02 | 3/12/2004 |
| Warstadt et al. v. Hastings Entertainment, Inc., et al. | 6/12/98 - 5/2/00 | 4/24/2003 |
| White v. Heartland High-Yield Municipal Bond Fund, et al. | ½/97 - 10/16/00 | 11/18/2002 |
| In re HI/FN, Inc. Securities Litigation | 7/26/99 - 11/7/99 | 9/20/2003 |
| In re Homestore.com, Inc. Securities Litigation | 1/1/00 - 12/21/01 | 12/5/2003 |
| In re IBP, Inc. Securities Litigation | 2/7/00 - 1/25/01 | 10/31/2003 |
| Fogel v. Information Management Associates, Inc., et al. | 8/12/99 - 11/18/99 | 1/17/2003 |
| In re InaCom Corp. Securities Litigation | 11/9/98 - 5/17/00 | 2/12/2003 |
| In re Independent Energy Holdings PLC | 2/14/00 - 9/8/00 | 12/3/2002 |
| In re InterSpeed, Inc. Securities Litigation | 9/24/99 - 10/6/00 | 8/10/2001 |
| In re IXL Enterprises, Inc. Securities Litigation | 11/30/99 - 9/1/2000 | 8/20/2003 |
| Garza v. JD Edwards & Company et al. | 1/22/98 - 12/3/98 | 5/6/2002 |
| In re JDN Realty Corporation Securities Litigation | 2/15/97 - 4/12/00 | 12/15/2001 |
| Harold Ruttenberg, et al. (Just for Feet, Inc.) | 4/12/99 - 11/3/99 | 11/13/2002 |
| In re L90, Inc. Securities Litigation | 4/28/00 - 5/9/03 | 5/18/2004 |
| In re Landry's Seafood Restaurants, Inc. Sec. Litigation | 12/19/97 - 9/18/98 | 7/19/2002 |
| In re Legato Systems, Inc. Securities Litigation | 4/22/99 - 5/17/00 | 9/30/2002 |
| Molholt v. Loudcloud Inc., et al. | 3/8/01 - 5/1/01 | 10/29/2003 |
| In re Lucent Technologies Inc. Securities Litigation | 10/26/99 - 12/21/00 | 3/31/2004 |
| In re M&A West, Inc. Securities Litigation | 10/4/99 - 12/28/00 | 3/4/2004 |
| Dusek v. Mattel, Inc., et al. | 2/2/99 - 10/1/99 | 10/23/2003 |
| Haack v. Max Internet Communications, Inc., et al. | 11/12/99 - 5/12/00 | 11/25/2002 |
| In re Medi-Hut Co., Securities Litigation | 11/7/99 - 8/19/03 | 7/2/2004 |
| In re Medirisk, Inc. Securities Litigation | 5/4/98 - 6/30/98 | 4/30/2004 |

| | | |
|---|---|---|
| In re MicroStrategy Inc. Securities Litigation | 6/11/98 - 3/20/00 | 9/3/2001 |
| In re Mitek Systems, Inc. Securities Litigation | 12/27/99 - 9/29/00 | 4/8/2002 |
| In re MP3.Com, Inc. Securities Litigation | 1/13/00 - 9/7/00 | 8/9/2001 |
| In re Mpower Communications Corp. Securities Litigation | 2/4/00 - 9/7/00 | 8/29/2003 |
| In re MSC Industrial Direct Co., Securities Litigation | 1/11/99 - 8/5/02 | 4/30/2004 |
| In re MTI Technology Corp. Securities Litigation, II | 7/22/99 - 7/2/00 | 9/2/2003 |
| In re Navigant Consulting, Inc. Securities Litigation | 1/1/99 - 11/19/99 | 3/22/2001 |
| In re NetEase.Com, Inc. Securities Litigation | 7/3/00 - 8/31/01 | 6/13/2003 |
| In re Netsolve Incorporated Securities Litigation | 4/18/00 - 8/18/00 | 9/13/2002 |
| In re Network Associates Inc. Securities Litigation | 1/20/98 - 4/6/99 | 6/14/2002 |
| In re Network Associates, Inc. II Securities Litigation | 4/15/99 - 12/26/00 | 3/2/2004 |
| New Era of Networks, Inc. | 10/29/98 - 7/6/99 | 12/31/2001 |
| Norman v. New Era Of Networks, Inc., et al. | 10/18/00 - 1/5/01 | 8/12/2002 |
| In re Newpower Holdings, Inc. Securities Litigation | 10/5/00 - 12/5/01 | 4/7/2004 |
| In re Nice Systems, Ltd. Securities Litigation | 11/3/99 - 2/7/01 | 5/1/2003 |
| In re Nike, Inc. Securities Litigation | 6/29/00 - 2/26/01 | 3/10/2003 |
| Stuart Markus, et al v. The Northface, Inc. | 4/24/77 - 4/1/99 | 5/24/2001 |
| In re Northpoint Communications Group, Inc. Sec. Litigation | 8/8/00-11/29/00 | 2/11/2004 |
| In re Nuance Communications, Inc. | 1/31/01 - 3/15/01 | 12/15/2003 |
| In re On-Point Technology Systems, Inc. Securities Litigation | 5/19/97 - 4/7/00 | 8/21/2001 |
| In re Onyx Software Corporation Securities Litigation | Pursuant to 2/2001 Offering | 6/28/2004 |
| In re Optical Cable Corporation Securities Litigation | 6/14/00 - 9/26/01 | 11/1/2002 |
| In re Oxford Health Plans, Inc. Securities Litigation | 11/6/96 - 12/9/97 | 7/11/2003 |
| In re Paradyne Networks, Inc. Securities Litigation | 3/20/00 - 9/28/00 | 7/12/2004 |
| In re Party City Corporation Securities Litigation | 2/26/98 - 3/18/99 | 8/12/2003 |
| In re P-COM, Inc. Securities Litigation | 4/15/97 - 9/11/98 | 3/15/2002 |
| In re Penn Treaty Schwab Corporation Sec. Litig. | 7/23/00 - 3/29/01 | 2/23/2004 |
| In re PeopleSoft, Inc. Securities Litigation | 5/27/98 - 1/28/99 | 9/4/2001 |
| In re Performance Technologies, Inc. Securities Litigation | 2/2/00 - 5/19/00 | 7/18/2003 |
| In re PhyCor Corporation Securities Litigation | 4/22/97 - 9/22/98 | 8/5/2002 |
| In re Pilot Network Services, Inc. Securities Litigation | 8/11/98 - 10/17/00 | 5/2/2002 |

| | | |
|---|---|---|
| In re PSS World Medical, Inc. Securities Litigation | 10/26/99 - 10/3/00 | 5/14/2004 |
| In re Reliance Securities Litigation | 3/14/95 - 11/14/97 | 3/23/2002 |
| In re Rent-Way Securities Litigation | 12/10/98 - 10/27/00 | 11/23/2003 |
| In re Rite Aid Corporation Securities Litigation | 5/2/97 - 11/10/99 | 6/30/2003 |
| In re Robotic Vision Systems, Inc. Securities Litigation | 1/27/00 - 5/15/01 | 8/11/2003 |
| Paul Ruble v. Rural / Metro Corporation et al. | 4/24/97 - 6/11/98 | 12/15/2003 |
| Stanley v. Safeskin Corporation, et al. | 2/18/98 - 3/11/99 | 4/28/2003 |
| In re Sagent Technology Inc. Securities Litigation | 10/21/99 - 4/18/00 | 5/27/2003 |
| In re SCB Computer Technology, Inc. Securities Litigation | 11/19/97 - 4/14/00 | 3/20/2002 |
| Lone Star et al. v. Schlotzsky's Inc., et al. | 9/24/1997 | 5/23/2002 |
| In re Select Comfort Corporation Securities Litigation | 12/3/98 - 6/7/99 | 4/30/2003 |
| In re Sensormatic Electronics Corp. Securities Litigation | 8/8/00 - 4/26/01 | 11/14/2003 |
| Steinbeck v. Sonic Innovations, Inc. et al. | 5/2/00 - 10/24/00 | 6/21/2004 |
| Klein v. Southwest Gas Corporation, et al. | 12/14/98 - 1/21/00 | 11/5/2001 |
| In re Starnet Communications Int'l, Inc. Sec. Litigation | 3/11/99 - 8/20/99 | 9/20/2002 |
| In re Steven Madden Ltd. Securities Litigation | 6/21/97 - 6/20/00 | 6/18/2004 |
| In re Supervalu, Inc. Securities Litigation | 7/19/99 - 7/25/02 | 8/2/2004 |
| In re Sykes Enterprises, Inc. Securities Litigation | 7/27/98 - 9/18/00 | 4/9/2003 |
| In re Synsorb BioTech, Inc. Securities Litigation | 4/4/01 - 12/10/01 | 1/10/2004 |
| In re Take Two Interactive Software, Inc. Securities Litigation | 2/24/00 - 12/17/01 | 1/2/2003 |
| In re Team Communications Group, Inc. Securities Litigation | 11/19/99 - 3/16/01 | 8/22/2002 |
| In re Telxon Corporation Securities Litigation | 5/21/96 - 2/23/99 | 6/11/2004 |
| Spiegel v. Tenfold Corporation, et al. | 5/21/99 - 4/12/01 | 1/9/2003 |
| In re THG, Inc. Securities Litigation | 10/26/99 - 5/24/00 | 6/30/2003 |
| In re Turnstone Systems, Inc. Securities Litigation | Pursuant to 9/2/00 | 10/31/2003 |
| In re Tut Systems, Inc. Securities Litigation | 7/20/00 - 1/31/01 | 6/21/2004 |
| In re UniStar Financial Service Corp. Securities Litigation | 10/15/98 - 7/20/99 | 8/17/2001 |
| In re US Franchise Systems, Inc. Securities Litigation | 5/6/99 - 10/29/99 | 6/5/2002 |
| In re US Interactive, Inc. Securities Litigation | 2/10/00 - 11/8/00 | 12/2/2003 |
| O'Neal Trust v. VanStar Corporation, et al. | 3/11/96 - 3/14/97 | 11/26/2001 |
| Rasner v. Vari-L Company, Inc. et al. | 12/17/97 - 7/6/00 | 5/5/2003 |

| | | |
|---|---|---|
| Helwig v. Vencor, Inc. et al. | 2/10/97 - 10/21/97 | 6/14/2002 |
| In re Versata, Inc. Securities Litigation | 3/2/00 - 4/30/01 | 3/17/2003 |
| In re Vesta Insurance Group, Inc. Securities Litigation | 6/2/95 - 6/28/98 | 10/17/2002 |
| In re Vision America, Inc. Securities Litigation | 11/5/98 - 3/24/00 | 7/30/2002 |
| In re Vision America, Inc. Securities Litigation | 4/24/99 - 3/24/00 | 10/8/2003 |
| In re The Warnaco Group, Inc. Securities Litigation | 9/17/97 - 7/19/00 | 3/5/2004 |
| In re Waste Management Inc. Securities Litigation | 6/11/99 - 11/9/99 | 7/15/2002 |
| In re Westell Technologies, Inc. Securities Litigation | 6/27/00 - 11/18/00 | 8/31/2003 |
| In re Ziff Davis Inc. Securities Litigation | 4/29/98 - 11/8/98 | 4/5/2002 |

25. If the Defendants had submitted Proof of Claim forms on behalf of the Funds in these cases and all others to which the Funds had valid claims, the settlement funds would have increased the total assets held by the Funds, and such increase would have been allocated immediately to the then-current investors upon the recalculation of the Net Asset Value (NAV).

26. However, upon information and belief, the Defendants failed to submit Proof of Claim forms in these cases and thereby forfeited Plaintiffs' rightful share of the recover obtained in the securities class actions.

27. By virtue of their position as investment advisors to the Funds with complete control of Plaintiffs' investments, the Investment Advisor Defendants (and any sub-advisors and affiliates) directly owed Plaintiffs and other fund investors a fiduciary duty to act in their best interests. *See Rasmussen v. A.C.T. Environmental Services Inc.*, 739 N.Y.S.2d 220, 222 (N.Y.A.D. 3 Dept., 2002). Likewise, the individual defendants, as well as Directors of mutual funds, owe a fiduciary duty to fund shareholders. *See Scheuer Family Foundation, Inc. v. 61 Associates*, 582 N.Y.S.2d 662, 666 (N.Y.A.D. 1 Dept.,1992).

28. Plaintiffs entrusted Defendants to fulfill their fiduciary duties and not knowingly to refuse to recover money rightfully belonging to the Fund investors at the time of settlement

14

disbursement.  As the Fund investors' fiduciary, only Defendants were able to submit the necessary Proof of Claim forms to recover the share of the settlements allocated to the Fund and Fund investors in the securities class action suits.  Plaintiffs did not receive notice of the proposed settlements nor did they have the option of submitting a Proof of Claim form in their individual capacities as individual investors.  Plaintiffs and member of the Class trusted Defendants to carry out this simple task on their behalf, and, on information and belief, Defendants failed to do so.  By failing to submit Proof of Claim forms, Defendants breached the fiduciary duty and standard of care that they owed directly to Plaintiffs and members of the Class.

## Standing.

29.     The Funds were all created and sponsored by the Parent Company Defendant.  The day-to-day operations of the Funds are managed by the same Investment Advisor or a sub-advisor who reports to the Advisor.  The Funds have the same directors who meet for all the funds at once.  All of the contracts for all of the Funds are identical for the purposes of this action.  The Funds share many expenses between and among one another.  The same policy or custom related to participation in securities class action settlements applies to all the Funds.  Plaintiffs therefore bring this action on behalf of all the Funds.

## COUNT I
## BREACH OF FIDUCIARY DUTY

30.     Plaintiffs repeat and re-allege each of the preceding allegations as though fully set forth herein.

31.     All of the Defendants owed fiduciary duties directly to Plaintiffs and members of the Class and were required to act with the highest obligations of good faith, loyalty, fair dealing, due care, and candor.

32.     As set forth above, on information and belief, the Defendants breached the fiduciary duties they owed directly to Plaintiffs and members of the Class by failing to submit Proof of Claim forms or to otherwise participate in settled securities class actions and thereby recover money rightfully belonging to the Fund investors.  Plaintiffs and members of the class have been injured as a direct, proximate, and foreseeable result of such breach on the part of the Defendants and have suffered substantial damages.

33.     Because the Defendants breached their fiduciary duties owed directly to Plaintiffs and members of the Class, Plaintiffs are entitled to compensatory damages, and Defendants must forfeit all fees and commission they received from Plaintiffs and members of the Class.  *See Royal Carbo Corp. v. Flameguard, Inc. et al.*, 229 A.D.2d 430, 645 N.Y.S.2d 18 (1996) ("it is well settled that one who owes a duty of fidelity to a principal and who is faithless in the performance of his or her services is generally not entitled to recover compensation, whether commissions or salary."); *Restatement (Second) of Agency Sec. 469* (1958) ("An agent is entitled to no compensation for conduct which is disobedient or which is a breach of his duty or loyalty; if such conduct constitutes a willful and deliberate breach of his contract of services, he is not entitled to compensation even for properly performed services for which no compensation is apportioned").

34.     Because the Defendants acted with reckless and willful disregard for the rights of Plaintiffs and members of the Class, the Defendants are liable for punitive damages in an amount to be determined by the jury.

## COUNT II
## NEGLIGENCE AGAINST ALL DEFENDANTS

35.     Plaintiffs repeat and re-allege each of the preceding allegations as though fully set forth herein.

36. Defendants owed a duty of care directly to Plaintiffs and members of the Class to act in a reasonable manner and to protect and maximize each individual's investments in the Funds. By failing to submit Proof of Claim forms or to otherwise participate in settled securities class actions, on information and belief, Defendants did not conform to the duty they owed. As a direct and proximate result, Plaintiffs and members of the Class have been damaged by millions of dollars.

**COUNT III**
**VIOLATION OF SECTION 36(a) OF THE INVESTMENT COMPANY ACT**

37. Plaintiffs repeat and re-allege each of the preceding allegations as though fully set forth herein.

38. Under Section 36(a) of the ICA, all of the Defendants are deemed to have a fiduciary duty to the Plaintiffs and all members of the Class.

39. On information and belief, all Defendants breached their fiduciary duty arising under Section 36(a) of the ICA by failing to submit Proof of Claim forms or to otherwise participate in settled securities class actions and thereby recover money rightfully belonging to the Fund investors and which would have been immediately allocated to investors through the recalculation of the Net Asset Value.

40. Plaintiffs and members of the Class have been injured as a direct, proximate, and foreseeable result of such breach on the part of the Defendants and have suffered substantial damages.

**COUNT IV**
**VIOLATION OF SECTION 36(b) OF THE INVESTMENT COMPANY ACT**
**(AGAINST ADVISOR DEFENDANTS AND PARENT COMPANY DEFENDANT)**

41. Plaintiffs repeat and re-allege each of the preceding allegations as though fully set forth herein.

42. Under Section 36(b) of the ICA, the Advisor Defendants, the Parent Company Defendant, and other affiliates of the Advisor Defendants are deemed to have a fiduciary duty with respect to the receipt of compensation for services, or of payments of a material nature, paid by the Fund and Fund investors.

43. The Advisor Defendants, the Parent Company, and other affiliates, upon information and belief, breached their fiduciary duty arising under Section 36(b) of the ICA by failing to submit Proof of Claim forms or to otherwise participate in settled securities class actions and thereby recover money rightfully belonging to the Fund investors and which would have been immediately allocated to the individual investors through the recalculation of the NAV.

44. Plaintiffs and members of the Class have been injured as a direct, proximate, and foreseeable result of such breach on the part of the Defendants and have suffered substantial damages.

### COUNT V
### VIOLATION OF SECTION 47(b) OF THE INVESTMENT COMPANY ACT
### (AGAINST ADVISOR DEFENDANTS AND PARENT COMPANY DEFENDANT)

45. Plaintiffs repeat and re-allege each of the preceding allegations as though fully set forth herein.

46. Pursuant to Section 47(b) of the ICA, 15 U.S.C. 80a-46(b), any contract made in violation, or performance of which results in violation, of the ICA is declared unenforceable.

47. For reasons alleged herein, the Agreements between the Advisor Defendants (and the Parent Company and other Affiliates) and the Funds were performed, on information and belief, in violation of the Investment Company Act and are therefore unenforceable.

48. Under Section 47(b) of the ICA, 15 U.S.C. 80a-46(b), the advisory agreements may be voided, and the Advisor Defendants, the Parent Company Defendant, and other affiliates are liable

to return to the Funds and Fund investors all of the fees and consideration of any kind paid to them during the time period that the violations occurred.

    49.    Plaintiffs demand a jury trial.

WHEREFORE, Plaintiffs demand judgment against Defendants as follows:

    (a)  Recognizing, approving and certifying the Class as specified herein.

    (b)  In favor of the Class for compensatory and punitive damages, forfeiture of all commissions and fees paid by the Class, plus the costs of this action together with reasonable attorneys fees.

    (c)  For such other and further relief as this Court deems just.

Dated: January 12, 2005

    RESPECTFULLY SUBMITTED,

_____
Perry Weitz
WEITZ & LUXENBERG, P.C.
180 Maiden Lane
New York, NY 10038-4925
(212) 558-5500
(212) 344-5461 fax

Randall K. Pulliam
BARON & BUDD, P.C.
3102 Oak Lawn Ave.
Suite 1100
Dallas, Texas 75219-4281
(214) 521-3605
(214) 520-1181 fax

J. Allen Carney
Hank Bates
CAULEY BOWMAN CARNEY & WILLIAMS, LLP
11311 Arcade Dr.
Suite 200
Little Rock, Arkansas 72212
(501) 312-8500
(501) 312-8505 fax